Nov. Term, 1820.

FLACK
v.
CUNNING-
HAM.

---

## FLACK *v.* CUNNINGHAM, Agent of BLAKELY.

Debt by *C.*, agent of *B.*, on a bond payable to *C.*, agent of *B.* The questions in issue were, 1. whether the consideration of the bond was valid; 2. whether the consideration was a certain negro. *Held*, as to the 1st question, that the defendant, having proved the negro to have been the consideration, might rest on the general presumption of freedom; and then *C.* could not recover, without proving both the property of his principal, and his own authority to sell. *Held*, as to the 2d question, that the above facts being proved, the defendant was entitled to a verdict.

ERROR to the *Franklin* Circuit Court.

SCOTT, J.—This was an action of debt on a specialty, to which the defendant below pleaded, first, a want of consideration generally, and concluded to the country; and the plaintiff joined issue. A second plea sets out, that the note in the declaration mentioned was given in consideration of the sale or manumission of a certain black man, or man of colour, a resident of *Franklin* county, and state of *Indiana*, and who did not owe service, &c.; and concludes with a verification. There is a third plea nearly to the same amount. To the second and third pleas the plaintiff replied, protesting all other material allegations in the pleas, and denying that the note in question was given in consideration of the said black man; and on this point issues were joined. The several issues being thus made up, the Court charged the jury specially, that as it appeared from the face of the note on which the action was founded, that the plaintiff was the agent of *James Blakely*, that fact needed not to be proved by him by the production of the authority under which he acted. The Court then proceeded to instruct the jury generally, that if it appeared to them that the note in question was

*Thursday, November 23.*

given to the plaintiff as agent of *James Blakely* within this state; in consideration of the negro mentioned; and that the negro was the lawful property of *Blakely* in *South Carolina*, and had fled from his master and taken refuge in this state; that these facts were known to the parties; and that the said *Blakely* had thereby been deprived of the services of the negro; such was a sufficient consideration in law to support the claim of the plaintiff, and they ought to find for him. The verdict and judgment were for the plaintiff.

In deciding on the correctness of these instructions, it is necessary to take into consideration the matters in issue between the parties. The question in issue on the first plea is, whether there was, or was not, a good and valuable consideration for the note in question. The other issues both rest on one single point; whether the note in question was or was not given in consideration of the negro. The affirmative of the first issue is with the plaintiff; and of both the others with the defendant. In order, then, to entitle the defendant to a verdict on the second and third issues, he had only to prove that the note was given in consideration of the negro: and, having proved this, he might, so far as related to the first issue, rest his cause on the general presumption that all men are free. It became necessary, then, for the plaintiff, in order to do away the presumption in favour of freedom, and to support the issue on his part, to prove that the black man was a slave; that he was the property of *Blakely;* and that the plaintiff, as agent, was lawfully authorized to transfer or dispose of *Blakely's* interest in that slave. The defendant, in this case, might have dealt with the plaintiff as the agent of *Blakely*, believing him to be such; but if he afterwards discovered that the plaintiff was not the agent of *Blakely*, or that his agency did not extend to that transaction, the contract in that case would be without consideration, as much as if the negro had been born free. This might possibly have been the fact; and if it was, the plaintiff might recover and collect the money; and *Blakely*, or his lawful agent, might, notwithstanding, seize the slave, and remove him to the state where he owed service. (1). If there was any such contract as is alleged in the pleadings, the consideration for which the defendant became bound, was the sale or manumission of the slave; or, in other words, the transfer of *Blakely's* interest in the slave to a purchaser, or to the slave himself. *Cunningham* might have been

the authorized agent of *Blakely* for many other purposes, with- Nov. Term, out any authority to dispose of this slave. He ought then to **1820.** show, by the best evidence of which the case is susceptible, that this transaction was within his authority. All this being prov- ed, the defendant would still have a verdict on the two latter issues. On this view of the case, we think the instructions in- correct.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded for further proceedings.

*Test*, for the plaintiff.

*Caswell*, for the defendant.

(1) For the provision of the constitution of the *United States*, and the act of congress, respecting fugitives from service, vide Appendix; and for the *Indiana* statute, vide Stat. 1823, p. 221. If a fugitive slave commit an of- fence in another state, and be detained therefor, the right of the master must yield to a paramount right. *Glen* v. *Hodges*, 9 Johns. R. 67.—*The Com- monwealth* v. *Holloway*, 3 Serg. & R. 4. But the slave cannot, by contract- ing a debt, impair his master's right to reclaim him. *Glen* v. *Hodges*, supra. It is held in *Pennsylvania*, that if a certificate be given by a state judge con- formably to the act of congress, the slave has no right there to the writ *de homine replegiando* to try his right to freedom. *Wright* v. *Deacon*, 5 Serg. & R. 62. It is also held there under the constitution of the *United States*, the act of congress, and of the state legislature, that if a female slave flee thither from a slave state, become pregnant in *Pennsylvania*, and be there delivered of a bastard child, the child is free. *The Commonwealth* v. *Holloway*, 2 Serg. & R. 306.